J-S02023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KYLE CARTER | : | |
| | : | No. 906 EDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence September 20, 2013
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005038-2012

BEFORE: BOWES, J., NICHOLS, J., and RANSOM, J.[*]

MEMORANDUM BY NICHOLS, J.:              **FILED APRIL 24, 2018**

Appellant Kyle Carter appeals *nunc pro tunc* from the judgment of sentence of eighteen to forty years' incarceration following a jury trial and conviction for third-degree murder.[1]  Appellant challenges whether the court erred by admitting into evidence a document that lacked sufficient indicia of reliability and authenticity.  He also alleges the court erred by permitting the jury to view the document during its deliberations.  We affirm.

We adopt the facts and procedural history set forth in the trial court's decision.  Trial Ct. Op., 4/21/14, at 1-4.  Appellant timely filed, and the court

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(c).

denied, a post-sentence motion raising the above issues. Post-Sentence Mot., 9/30/13; Order, 1/15/14. Appellant timely appealed, but this Court dismissed his appeal for failure to file a brief. Order, 7/16/14. Appellant filed a successful Post-Conviction Relief Act (PCRA)[2] petition reinstating his direct appeal rights *nunc pro tunc*. Appellant timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises the following issues:

1. Did the court err in admitting into evidence an unsigned document characterized by the Commonwealth as a "notarized" document where said document was so unreliable as to not warrant its admission?

2. Did the court err in permitting the document in question to go out with the jury during deliberations?

Appellant's Brief at 5.

We summarize Appellant's arguments for both of his issues. He contends that the document had his unverified signature and a notary stamp, but no signature by the notary. Appellant's Brief at 13-14. Appellant asserts that the document was insufficiently authenticated and thus should not have been admitted for the substantive purpose of tying Appellant and the firearm used to kill the victim together.[3] Appellant also points out that the document

---

[2] 42 Pa.C.S. §§ 9541-9456.

[3] Appellant also claims that the evidence was inadmissible hearsay. Appellant's Brief at 14-15. But Appellant waived that argument as his only objection was that the document was not properly authenticated. N.T. Trial, 7/18/17, at 54; Pa.R.A.P. 302(a).

- 2 -

was used as evidence that he was attempting to evade culpability. *Id.* at 15. He argues that the court erred by permitting the jury to view the document as it had minimal evidentiary value. We hold Appellant is due no relief.

"The admission of evidence is committed to the sound discretion of the trial court and an appellate court may reverse only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. McFadden*, 156 A.3d 299, 309 (Pa. Super. 2017). Pennsylvania Rule of Evidence 901 requires parties to authenticate documents with "evidence sufficient to support a finding that the matter in question is what its proponent claims." Pa.R.E. 901(a). Parties may use circumstantial evidence to authenticate documents. *See Commonwealth v. Collins*, 957 A.2d 237, 265 (Pa. 2008). "[T]he ultimate determination of authenticity is for the jury. A proponent of a document need only present a *prima facie* case of **some** evidence of genuineness in order to put the issue of authenticity before the factfinders." *Commonwealth v. Brooks*, 508 A.2d 316, 320 (Pa. Super. 1986).[4] Further, the trial "court makes the preliminary determination of whether or not a *prima facie* case exists to warrant its submission to the finders of fact, but the jury itself considers the evidence and weighs it against that offered by the opposing party." *Id.* (citation omitted).

_____

[4] We may rely on caselaw predating the enactment of the Pennsylvania Rules of Evidence to the extent the caselaw does not contradict the rules. *Commonwealth v. Aikens*, 990 A.2d 1181, 1185 n.2 (Pa. Super. 2010).

Generally, "the jury may take with it such exhibits as the trial judge deems proper." Pa.R.Crim.P. 646. But any objection to the jury's view of such exhibits must be made to the trial court and cannot be raised for the first time on appeal. *See Commonwealth v. Miller*, 80 A.3d 806, 811 (Pa. Super. 2011); *see also* Pa.R.A.P. 302(a).

After careful consideration of the parties' briefs, the record, and the decision by the Honorable Glenn B. Bronson, we affirm on the basis of the trial court's decision. *See* Trial Ct. Op., 4/21/14, at 4-7. Having found no abuse of discretion, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/18

Circulated 03/29/2018 08:37 AM

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA

:

CP-51-CR-0005038-2012

v.

CP-51-CR-0005038-2012 Comm. v. Carter, Kyle
Opinion

**FILED**

7926146851

MAR 3 0 2017

KYLE CARTER

**Appeals/Post Trial
Office of Judicial Records**

OPINION

BRONSON, J.

March 30, 2017

On July 19, 2013, following a jury trial before this Court, defendant Kyle Carter was convicted of one count of murder of the third degree (18 Pa.C.S. § 2502(c)).[1] On September 20, 2013, defendant made an oral motion for extraordinary relief, which the Court denied. N.T. 9/20/2013 at 6-21. That same day, the Court imposed a sentence of 18 to 40 years incarceration in state prison. Defendant filed post-sentence motions, which the Court denied on January 15, 2014. Defendant appealed and, on July 16, 2014, the Superior Court dismissed defendant's appeal due to defendant's failure to file an appellate brief.

Defendant filed a *pro se* petition under the Post Conviction Relief Act ("PCRA") on October 7, 2014, alleging, among other claims, that counsel was ineffective for failing to file an appellate brief. Barnaby Wittels, Esquire, was appointed to represent defendant on June 5, 2015. On March 10, 2017, upon the agreement of both parties, the Court entered an order granting defendant's PCRA petition in part and reinstated defendant's direct appeal rights. Defendant filed a notice of appeal on March 10, 2017. Because defendant was now represented by new counsel, the Court issued a new order pursuant to Pa.R.A.P. 1925(b).

---

[1] Defendant was acquitted of one count of possessing an instrument of crime (18 Pa.C.S. § 907(a)).

Defendant has appealed from the judgment of sentence entered by the Court on the grounds that: 1) "the Court erred in admitting into evidence an unsigned document characterized by the Commonwealth as a 'notarized' document into evidence [*sic*] where said document was so unreliable as to not warrant its admission;" and 2) "the Court erred in permitting the purportedly 'notarized' document to go out with the jury after the jury requested it thus compounding the error the court made in admitting the document in the first place." Concise Statement of Matters Complained of on Appeal ("Statement of Errors") at ¶¶ A-B. As defendant's claims are substantially identical to the claims raised in defendant's original 2014 appeal, the Court attaches its April 21, 2014, Opinion hereto as Exhibit A. For the reasons set forth in that opinion, defendant's claims are without merit and defendant's judgment of sentence should be affirmed.

BY THE COURT:

GLENN B. BRONSON, J.

2

Commonwealth v. Kyle Carter                    CP-51-CR-0005038-2012
Type of Order: 1925(a) Opinion

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Court Order upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa.R.Crim.P.114:

**Defense Counsel/Party:**

> Barnaby Wittels, Esquire
> LaCheen, Wittels, & Greenberg, LLP
> 1429 Walnut Street, 13th Floor
> Philadelphia, PA 19102

Type of Service:        ( ) Personal (**X**) First Class Mail ( ) Other, please specify:

**District Attorney(s):**

> Hugh J. Burns, Jr., Esquire
> Chief, Appeals Unit
> Philadelphia District Attorney's Office
> Three South Penn Square
> Philadelphia, PA  19107

Type of Service        () Personal (**X**) First Class Mail ( ) Other, please specify:

**Additional Counsel/Party:**

> Joseph D. Seletyn, Esquire
> Prothonotary
> Office of the Prothonotary – Superior Court
> 530 Walnut Street, Suite 315
> Philadelphia, PA 19106

Type of Service:        ( ) Personal (**X**) First Class Mail ( ) Other, please specify:

**Dated:  March 30, 2017**

Jonathon M. Frisby
Law Clerk to Hon. Glenn B. Bronson

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA

        :

    CP-51-CR-0005038-2012

CP-51-CR-0005038-2012 Comm. v. Carter, Kyle
Opinion

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
7141262411

v.

KYLE CARTER

**FILED**

APR 2 1 2014

Criminal Appeals Unit
First Judicial District of PA

OPINION

BRONSON, J.                                        April 21, 2014

On July 19, 2013, following a jury trial before this Court, defendant Kyle Carter was convicted of one count of murder of the third degree (18 Pa.C.S. § 2502(c)).[1] On September 20, 2013, defendant made an oral motion for extraordinary relief, which the Court denied. N.T. 9/20/2013 at 6-21. That same day, the Court imposed a sentence of 18 to 40 years incarceration in state prison. Defendant filed post-sentence motions, which the Court denied on January 15, 2014.

Defendant has now appealed from the judgment of sentence entered by the Court on the grounds that: (1) the Court erred in admitting into evidence a document that was stamped with a notary seal and was purportedly signed by defendant, since it had not been properly authenticated and was inadmissible hearsay; and (2) the Court compounded that error by allowing that same document to be sent back to the jury room during deliberations. Pa.R.A.P. 1925(b)- Concise Statement of Matters Complained of on Appeal ("Statement of Errors") at ¶¶ 2-5. For the reasons set forth below, defendant's claims are without merit and the judgment of sentence should be affirmed.

---

[1] Defendant was acquitted of one count of possessing an instrument of crime (18 Pa.C.S. § 907(a)).

EXHIBIT "A"

## I. FACTUAL BACKGROUND

At trial, the Commonwealth presented the testimony of William Deas, Leon Monroe, Shanheed Perrin, Dorenda Wicker, Tanya Wiley, Dr. Gary Lincoln Collins, Philadelphia Police Officers Anthony Glaviano and Christopher Reed, Philadelphia Police Detective Jonathan Ruth, and Philadelphia Police Sergeants Brian Beaudet and Daniel Ayres. Defendant testified on his own behalf and offered, by stipulation, the testimony of Coy Hudgens, Professor Anthony Dandridge, Carmen Coleman, Barbara Wilkins, Chad Davis, Candice Bing, and Dijon Davis. Viewed in the light most favorable to the Commonwealth as the verdict winner, their testimony established the following.

On February 23, 2012, at approximately 1 a.m., Leon Monroe, Erick Thompson, and "Rel" were at a bar in the Glenside neighborhood of Philadelphia when they decided to go to Club Onyx, a gentleman's club in South Philadelphia. N.T. 7/16/2013 at 98-101.[2] When the three men arrived at the club, they encountered Shanheed Perrin, who was working security for the club that night. N.T. 7/16/2013 at 132-133. Perrin asked the men for identification in order to enter the club, which Monroe and Rel produced. N.T. 7/16/2013 at 101-104. Thompson informed Perrin that he did not have his ID with him, and Perrin told Thompson that he could not enter the club without it. N.T. 7/16/2013 at 133. Thompson became upset and placed a call to another security guard who was inside the club, Rob, whom Thompson knew. N.T. 7/16/2013 at 133-135.[3] Rob then came outside and, after patting down Thompson and his friends for weapons, escorted them into the club. N.T. 7/16/2013 at 133-135.

Approximately one hour later, at 2 a.m., Thompson emerged from the club onto the club's porch with the head of the club's security, William Deas. N.T. 7/16/2013 at 138;

---

[2] Rel's full name was not given at trial.

[3] Rob's last name was not given at trial.

2

7/17/2013 at 70. Thompson pointed out Perrin to Deas, and said that Perrin would not let Thompson in the club earlier. N.T. 7/16/2013 at 138; 7/17/2013 at 70. As Deas tried to calm Thompson down, Thompson began yelling at Perrin. N.T. 7/16/2013 at 138-139. Perrin yelled back at Thompson, then stopped arguing with him and assumed his position at the club's door. N.T. 7/16/2013 at 139.

At that point, defendant, an off-duty security officer for Club Onyx, approached Thompson and began arguing with him. N.T. 7/16/2013 at 141-142. Thompson yelled back at defendant, who then pulled out a gun and said to Thompson and his friends, "y'all got five seconds to leave off the porch." N.T. 7/16/2013 at 141-142, 144. Thompson then counted down, "five, four, three, two, one," but Thompson remained on the porch. N.T. 7/16/2013 at 145-146; 7/17/2013 at 62-63. Defendant then immediately shot Thompson in the neck. N.T. 7/16/2013 at 146. Defendant then walked to his car, got in, and drove away. N.T. 7/16/2013 at 148; 7/17/2013 at 94.

Shanheed Perrin called 911. N.T. 7/16/2013 at 146. The police arrived and transported Thompson to Jefferson Hospital. N.T. 7/15/2013 at 204. Thompson was in critical condition when he arrived at the hospital, where doctors performed emergency surgery. N.T. 7/15/2013 at 204, 213-214; 7/17/2013 at 27. After surgery, doctors determined that Thompson was brain dead. N.T. 7/17/2013 at 28. He was removed from life support and died on February 26, 2012. N.T. 7/17/2013 at 28.

Police recovered one .45 caliber cartridge casing from the club's porch. N.T. 7/15/2013 at 204-206. Defendant surrendered to the police on February 24, 2012. N.T. 7/17/2013 at 141.

On May 16, 2012, Philadelphia Police Sergeant Daniel Ayres was patrolling the Mount Airy area of Philadelphia when he pulled over defendant's brother, Vernon Carter, for a traffic

3

violation. N.T. 7/16/2013 at 266-268. Vernon Carter was driving defendant's car. N.T. 7/16/2013 at 268. From the car, Sergeant Ayres recovered a .45 caliber handgun containing nine rounds of ammunition. N.T. 7/16/2013 at 269-270. This .45 caliber handgun was positively matched to the fired cartridge casing found at the scene of the shooting. N.T. 7/16/2013 at 277-278.

Sergeant Ayres also recovered a note from the vehicle that read, "I, Kyle Carter, authorize my brother Vernon Carter permission to receive my car from the police impound." N.T. 7/16/2013 at 273; *see* Commonwealth Exhibit 42. The document also listed the vehicle's identification number (VIN), and the make, model, and color of the car. N.T. 7/16/2013 at 273. The document bore the signature, "Kyle B. Carter." N.T. 7/16/2013 at 273; *see* Commonwealth Exhibit 42. The document also bore the stamp of a notary public, but did not contain the notary's seal, date, or signature. N.T. 7/16/2013 at 275-276.

## II. DISCUSSION

At trial, the Commonwealth offered into evidence a document, purportedly signed by defendant, which authorized defendant's brother to remove defendant's car from a police impound lot after defendant's arrest. N.T. 7/16/2013 at 271-273. When defendant's brother was pulled over by the police for a traffic violation, both the document and the .45 caliber handgun used in the shooting here at issue were recovered from the vehicle. N.T. 7/16/2013 at 269-274. Defendant now claims that the document should not have been admitted into evidence because it was not properly authenticated and because it contained inadmissible hearsay. Defendant further claims that the document should not have been sent out with the jury during jury deliberations. Statement of Errors at ¶¶ 2-5. These arguments are without merit.

4

*A. Authentication*

Under Rule 901 of the Pennsylvania Rules of Evidence, "the requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Pa.R.E. 901(a). There are numerous forms of evidence that can be sufficient to support the claim that a document is what its proponent claims, including its "[a]ppearance, contents, [and] substance ... taken in conjunction with other circumstances." Pa.R.E. 901(b)(4). In determining whether a signature or other handwriting is authentic, "[c]omparison by the trier of fact ... with specimens which have been authenticated" is permissible. Pa.R.E. 901(b)(3). A document may be authenticated entirely through circumstantial evidence. *Commonwealth v. Zook*, 615 A.2d 1, 10 (Pa. 1992) (citing *Commonwealth v. Brooks*, 508 A.2d 316, 318 (Pa. Super. 1986)). "The ultimate determination of authenticity is for the jury. A proponent of a document need only present a prima facie case of *some* evidence of genuineness in order to put the issue of authenticity before the factfinders." *Brooks*, 508 A.2d at 318 (emphasis in original).

Here, there was clearly a prima facie case that the document presented by the Commonwealth was authentic. The document appeared to be a handwritten note signed in the name of defendant, which by its terms, authorized the defendant's brother to receive defendant's car from the police impound lot. It was found by police in a car that was being driven by defendant's brother and that was accurately described in the note by VIN number, make, model and color. In addition, there was a current notary stamp on the document, although it was not signed nor sealed by the notary. N.T. 7/16/2013 at 273-276. All of those factors constituted circumstantial evidence that the note was what it was purported to be, that is, a document giving defendant's brother permission to possess his car. Accordingly, the Court properly admitted the

5

document into evidence, letting the jury weigh and decide the competing arguments regarding the document's authenticity. *See Brooks,* 508 A.2d at 318. No relief is due.

### B. *Hearsay*

Defendant also claims that the Court erred in admitting the document because it contained inadmissible hearsay. However, any statement made by a party that is offered against that party is admissible under an exception to the rule against hearsay. Pa.R.E. 803(25). Because the document at issue consisted entirely of a statement made by defendant, it was admissible against the defendant under this exception to the hearsay rule.

### C. *Sending the Document Into the Jury Room During Deliberations*

Finally, defendant claims that the jury should not have been permitted to bring the note into the jury room during deliberations. Statement of Errors at ¶¶ 2-5. This claim has been waived, since the document was sent out to the jury at the explicit request of defense counsel.

During deliberations, the jury sent the Court a note that stated, "We would like to review the notarized letter." N.T. 7/18/2013 at 53. The jury also requested to see a copy of defendant's driver's license, which had been admitted into evidence by the defense. N.T. 7/18/2013 at 53; *see* Defense Exhibit 2 (Driver's License of Kyle Carter). By asking for the "notarized letter," which purportedly was signed by defendant, and defendant's driver's license, which presumably included a genuine signature of the defendant, the jury clearly wanted to compare the two exhibits to see if the signatures matched. This was particularly relevant, since defendant, in his testimony, denied that he had signed the "notarized letter." N.T. 7/17/2013 at 132-133.

After receiving the jury's request, the Court convened counsel to determine their positions on whether the document and the license should be sent out to the jury. The Commonwealth requested that the document and license not be sent out, and that the exhibits

6

instead be passed around to the jury in the jury box. N.T. 7/18/2013 at 54. It was defense counsel who emphatically asked that the jury receive the document and the license so that the jurors could have adequate time to examine them carefully to determine whether defendant actually had signed the document. N.T. 7/18/2013 at 55-56. Defendant cannot claim as error on appeal an action of the Court that was done at defendant's request. Defendant's claim has been waived.

## III. CONCLUSION

For all of the foregoing reasons, the Court's judgment of sentence should be affirmed.

BY THE COURT:

GLENN B. BRONSON, J.

7

Commonwealth v. Kyle Carter                    CP-51-CR-0005038-2012
Type of Order: 1925(a) Opinion

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Court Order upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa.R.Crim.P.114:

**Defense Counsel/Party:**

           Michael Coard, Esquire
           One Liberty Place
           1650 Market Street, 36th Floor
           Philadelphia, PA 19103

Type of Service:    ( ) Personal (X) First Class Mail ( ) Other, please specify:

**District Attorney:**

           Hugh J. Burns, Esquire
           Chief of Appeals Unit
           Office of the District Attorney
           Three South Penn Square
           Philadelphia, PA 19107-3499

Type of Service    ( ) Personal (X) First Class Mail ( ) Other, please specify:

**Additional Counsel/Party:**

           Joseph D. Seletyn, Esquire
           Prothonotary
           Office of the Prothonotary – Superior Court
           530 Walnut Street, Suite 315
           Philadelphia, PA 19106

Type of Service:    ( ) Personal  (X) First Class Mail  ( ) Other, please specify:

Dated: April 21, 2014

_Sarah_ _~_
Sarah Noel Sheffield
Law Clerk to Hon. Glenn B. Bronson